DAVID S. CANTRELL, PLAINTIFF IN ERROR, v. ERIE RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued July 10, 1899—Decided July 14, 1899.

Under the circumstances of this case the plaintiff was so clearly guilty of negligence, in failing to perceive the approach of a railroad train by which he was struck while crossing the track on foot, as to justify a nonsuit at the trial.

---

On error to the Supreme Court.

For the plaintiff in error, *Harry E. Richards.*

For the defendant in error, *Cortlandt Parker.*

The opinion of the court was delivered by

DIXON, J.    Between nine and ten o'clock P. M. of January 23d, 1898, the plaintiff, on foot, was about to cross the single track railroad of the defendant, in Belleville, N. J. The track lies north and south, and the plaintiff was walking in an easterly direction.    As he approached the track and reached a point thirty-five or forty feet from it, he stopped and looked along the track toward the north, where his view was unobstructed for sixteen hundred feet, and seeing no train he proceeded to cross the track diagonally, looking only toward the south, where his view of the track was unobstructed for nine hundred feet.    As he reached the further rail he was struck by a train coming from the north, and thus received the injury because of which he brought this suit.    The night was clear, with a strong westerly wind, and there were no distracting noises or lights.    The plaintiff was familiar with the crossing, and knew that no flagman was kept there in the evening.    From the point where he stopped to the point of collision, the track was continuously open to view in the northerly and southerly directions for the distances mentioned. In describing his conduct while traversing this space, the plaintiff testified that he walked at about an ordinary gait; that he did not look up the track (*i. e.*, towards the north) again after stopping; that he did not hear any sound of an approaching train; that his hearing was good, but he was not listening or paying any particular attention to it, and that he did not become conscious of a train being near until it hit him.

This testimony contains unqualified admissions of failure to perform the duty of looking and listening, and under the circumstances discloses unmistakable evidence that such failure constituted contributory negligence.

If, when the plaintiff looked toward the north, the train was not upon the visible stretch of sixteen hundred feet or was so far away that an attentive look would not perceive it, then it must have traveled at a very high rate of speed to reach the point of collision when the plaintiff did, and at such

a speed the rumble of the train would surely have been loud enough to be heard by him, if he had listened, in time for him to keep off the track. So, while he walked over the intervening space, he had ample opportunity for looking again toward the north as well as toward the south, and an attentive glance would have given him timely warning. In a situation calling for vigilance and where a careful use of either sense would save him, his failure to look and his failure to listen were equally inexcusable.

The nonsuit was right, and the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH. 14.

*For reversal*—None.